**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DEMEATRUS ROBINSON, SR.,** | **1:18-cv-00042-LJO-BAM** |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION TO DISMISS** |
| **v.** | |
| **HUNGER FREE AMERICA, INC. A New York not-for-profit corporation, et al.,** | **(Doc. 5)** |
| **Defendants.** | |

## I. INTRODUCTION

Defendant removed this case from Fresno County Superior Court asserting federal removal jurisdiction exists due to the existence of a federal question 28 U.S.C. § 1331. Defendant then filed a motion to dismiss, asserting the complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) and Rule 8. Plaintiff failed to file an opposition to Defendant's motion. For the reasons set forth below, the Court GRANTS Defendant's motion to dismiss.[1] Plaintiff's complaint is dismissed without prejudice to refiling **if and only if** the defects described below can be remedied.

---

[1] Plaintiff filed a complaint against New York Coalition Against Hunger, Christopher G. Karagheuoff, and Joel Berg. Hunger Free America, Inc., was erroneously sued as "New York Coalition Against Hunger," and Christopher Karagheuoff, and Joel Berg were never served. Hunger Free America, Inc., removed the case to this court where it proceeds as the only defendant served.

## II. FACTUAL BACKGROUND

From what can be gleaned from Plaintiff's complaint, Hunger Free America, Inc. was founded in 2010 by Plaintiff and his organization "Hour of Truth Ministry, Inc." to feed low income families and homeless individuals. The organization was moved to Kings County in 2011. In February 2016, Plaintiff was contacted by Defendant, the New York Coalition Against Hunger,[2] to inform him that its board of directors had voted to use Hunger Free America as their corporate name, as they had been using it since 2014. In March 2016, Hour of Truth Ministry, Inc.'s board of directors voted to change its name from "dba Hunger Free America" to "Hunger Free America." In March 2016, Plaintiff filed and received a registered trademark for t-shirts for Hunger Free America, and he plans to file for the standard character "Hunger Free America which hold[s] more weight than a mark for T-shirts." (Doc. 1, p. 21:5-8.) The current trademark is used for apparel goods and services. Plaintiff claims the "standard character Hunger Free America" is exclusively his to use through his USPTO trademark registration. Plaintiff seeks a permanent injunction against Defendant's use of the slogan or words "Hunger Free America."

## III. LEGAL STANDARD

### A.     Federal Rule of Civil Procedure 8

Pursuant to Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). "[T]he short and plain statement must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (citation omitted). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes

---

[2] Defendant is a non-profit corporation founded in 1983 as the New York City Coalition Against Hunger. It formally adopted is current Hunger Free America name in 2016 "to reflect its growing on-the-ground programming to eradicate hunger throughout the United States." (Doc. 5-1, 7:8-8; Doc. 5-2, Smith Declaration, ¶ 3; Exhibit A.)

unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Bautista v. L.A. Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000) (citations and internal quotation marks omitted).

Rule 8 "has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitive, or confused, or consisted of incomprehensible rambling." *Cafasso v. Gen. Dynamics C4 Sys., Inc*., 637 F.3d 1047, 1058-59 (9th Cir. 2011) (citation and internal quotation marks omitted); *see also McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming the dismissal of a complaint under Rule 8 for being "argumentative, prolix, replete with redundancy, and largely irrelevant").  A complaint may be dismissed for violating Rule 8 even if "a few possible claims" can be identified and the complaint is not "wholly without merit." *Id*. at 1179 (stating that Rule 8's requirements apply "to good claims as well as bad"); *see also Nevijel v. N. Coast Life Ins. Co*., 651 F.2d 671, 674 (9th Cir. 1981) (affirming dismissal with prejudice of a first amended complaint that "was 23 pages long with 24 pages of addenda, named additional defendants without leave of court, and was equally as verbose, confusing and conclusory as the initial complaint").

**B.      Federal Rule of Civil Procedure 12(b)(6)**

A motion to dismiss pursuant to Rule 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint.  Dismissal under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dep't*., 901 F.2d 696, 699 (9th Cir. 1990).  In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor.  *Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has

facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements'. . . are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. "[T]o be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional facts, a plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## IV. ANALYSIS

**A.    The Complaint Fails to Comply with Federal Rule of Civil Procedure 8**

Under Federal Rule of Civil Procedure 8, a plaintiff must "plead a short and plain statement of the elements of his or her claim." *Bautista*, 216 F.3d at 840. "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. Rule 8(d)(1). "Something labeled a complaint but . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiff[ ][is] suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry*, 84 F.3d at 1180.

Plaintiff's complaint fails to plead a short and plain statement of the elements of his claim under Rule 8.  While it appears that he is attempting to allege a trademark infringement claim under the

Lanham Act, as Plaintiff references and cites sections of the Act, the complaint does not articulate facts pleading the elements of an infringement claim. Rather, the complaint, styled as a "Memorandum of Points and Authorities" cites to sections of the United States Code dealing with registration of trademarks, a federal appellate case involving trademark infringement, and a decision of the High Court of Justice in the United Kingdom. The complaint is not clear as to what wrongs Defendant has perpetrated other than his claim that Defendant has used "Hunger Free America" in a manner that infringes on Plaintiff's use of that wording, as he has been "using the standard character Hunger Free America since June 24, 2011 in commerce." (Doc. 1, 22:4-5.) Although the complaint seeks an injunction and damages against Defendant, it gives inadequate notice of the legal basis to support such relief. The complaint is subject to dismissal under Rule 8.

**B.      Plaintiff Fails to State A Claim For Trademark Infringement**

Defendant also argues the complaint should be dismissed with prejudice because, to the extent that it can be construed as stating a trademark infringement claim, the claim is insufficient as a matter of law. According to Defendant, Plaintiff alleges that the U.S. Trademark issued him a patent 5,297,297 for use of a specific mark on "t-shirts; graphic t-shirts," but Plaintiff does not sufficiently tie this '297 registration to any infringing conduct by Defendant or any specific injury to himself. Moreover, Defendant argues, Plaintiff has not and cannot show that his '297 Registration covering a design on t-shirts is likely to be confused by Defendant's use of the name "Hunger Free America."

Although it is unclear what type of trademark claim Plaintiff is attempting to state – whether statutory or common law – both claims are aspects of unfair competition and the elements for each claim overlap. *Hokto Kinoko Co. v. Concord Farms, Inc.*, 810 F. Supp. 2d 1013, 1031 (C.D. Cal. 2011) (citing *New West Corp. v. NYM Co. of California, Inc.*, 595 F.2d 1194, 1201 (9th Cir. 1979)). Therefore, they are analyzed together below.

To state a claim for trademark infringement, a plaintiff must allege that (1) he has a valid, protectable trademark right; (2) that was used by defendant; (3) in a way that is likely to cause

consumer confusion and thus infringe upon the trademark right. *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1354 (9th Cir. 1985). "The core element of trademark infringement is the likelihood of confusion, i.e., whether the similarity of the marks is likely to confuse customers about the source of the products." *Abercrombie & Fitch Co. v. Moose Creek, Inc.*, 486 F.3d 629, 633 (9th Cir. 2007). If a court determines from the pleadings and judicially noticed facts that confusion is unlikely as a matter of law, the complaint should be dismissed. *Murray v. Cable Nat'l Broad. Co.*, 86 F.3d 858, 860 (9th Cir. 1996). While likelihood of confusion *can* be decided as a matter of law, "[w]hether confusion is likely is a factual determination woven into the law" that courts "routinely treat . . . as [an issue] of fact." *Parts.com, LLC v. Yahoo! Inc.*, 996 F. Supp. 2d 933, 936 (S.D. Cal. 2013) (quoting *Levi Strauss & Co.*, 778 F.2d at 1356).

### 1.      Validity of the Trademark

The Lanham Act defines trademark as "any word, name, symbol, or device, or any combination thereof – (1) used by a person, or (2) which a person has a bona fide intention to use in commerce and applies to register on the principal register established by this chapter . . . . " 15 U.S.C. § 1127. Typically, "[r]egistration of a mark 'on the Principal Register in the Patent and Trademark Office constitutes prima facie evidence of the validity of the registered mark and of [the registrant's] exclusive right to use the mark on the goods and services, specified in the registration.'" *Applied Info Scis. Corp. v. Ebay, Inc.*, 511 F.3d 966, 970 (9th Cir. 2007) (quoting *Brookfield Commc'ns v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1047 (9th Cir. 1999)). Through registration, the "registrant is granted a presumption of ownership, dating to the filing date of the application for federal registration." *Sengoku Works v. RMC* Int'l, 96 F.3d 1217, 1219-20 (9th Cir. 1996). To acquire ownership of a trademark, "[i]t is not enough to have invented the mark first or even to have registered it first; the party claiming ownership must have been the first to actually use the mark in the sale of goods or services." *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1226 (9th Cir. 2008).

To the extent that Plaintiff's claim is predicated on the U.S. Trademark Registration No. '297, he has sufficiently alleged a protectable interest limited to t-shirts with the registered mark. To the extent Plaintiff is asserting a protectable interest in the standard character mark "Hunger Free America," the allegations fall short.[3] The complaint expressly acknowledges Plaintiff's '297 Registration applies only to t-shirts, it does not include the standard characters "Hunger Free America." Plaintiff concedes in his complaint that he only *planned* to file for the standard characters "Hunger Free America." Moreover, Plaintiff has not sufficiently alleged that his commercial use of the "Hunger Free America" standard characters predates Defendant's use of its "Hunger Free America" mark. For example, Plaintiff alleges that his Hour of Truth Ministry organization adopted "Hunger Free America" as its trade name in March 2016, after Defendant began using its own Hunger Free America mark as early as 2014. (*Compare* Doc. 1, 20:2 *with* Doc. 1, 20:24.) Moreover, Plaintiff does not plead that his use of those standard characters was inherently distinctive or acquired a secondary meaning making it distinctive, which is required to show a protectable interest in the mark. *Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042, 1047 (9th Cir. 1998); *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 769 (1992) (an identifying mark is distinctive and capable of being protected if it is either (1) inherently distinctive or (2) has acquired distinctiveness through secondary meaning).

### 2. Likelihood of Confusion

Defendant also maintains the Court should dismiss the complaint because Plaintiff has not alleged any facts that could plausibly suggest a likelihood of confusion by the relevant consuming public with Defendant's use of "Hunger Free America." The Court agrees.

The likelihood of confusion is the pivotal element of trademark infringement, and the "issue can be . . . cast as the determination of whether 'the similarity of the marks is likely to confuse customers

---

[3] Standard character registrations are "federal mark registrations that make no claim to any particular font style, color, or size of display." *Citigroup Inc. v. Capital City Bank Grp., Inc.*, 637 F.3d 1344, 1349 (Fed. Cir. 2011). As a word registered in standard characters is not "limited to any particular rendition of the mark," *In re Mighty Leaf Tea*, 601 F.3d 1342, 1348 (Fed. Cir. 2010), the remigration covers the word per se, 3 McCarthy on Trademarks and Unfair Competition § 19.58 (4th ed.).

about the source of the products'" or services. *GoTo.com, Inc. v. Walt Disney Co.* 102 F.3d 1199, 1205 (9th Cir. 2000) (internal citation omitted). The Ninth Circuit recognizes an eight-factor test, set out in *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979), *abrogated on other grounds by Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792 (9th Cir. 2003), to determine whether a defendant's use of a mark or name creates a likelihood of confusion. The factors are (1) the strength or distinctiveness of the mark; (2) the proximity or relatedness of the goods; (3) the similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) types of goods and degrees of care likely to be exercised by the purchaser; (7) defendant's intent in selecting its mark; and (8) the likelihood of expansion into other markets. *Sleekcraft*, 599 F.2d at 348. These factors are non-exhaustive and should be applied with flexibility. *Network Automation, Inc. v. Adv. Sys. Concepts, Inc.*, 638 F.3d 1137, 1149 (9th Cir. 2011); *Dreamwerks Production, Inc. v. SKG Studio*, 142 F.3d 1127, (9th Cir. 1998) (*Sleekcraft* factors should not be rigidly weighed; they are not a score-card, a bean counter, or a checklist).

Considering these factors, Plaintiff has not adequately alleged a likelihood of confusion. The trademark right enumerated in the '297 Registration covers a specific design consisting of the words "Hunger Free America" in green lettering with black and white outlining, below a background of farm rows and vegetables. Defendant's online domain name, online content, and corporate logo are very different in appearance. As Defendant notes, its own logo features the words "Hunger Free America" with a red slash through the word "Hunger." The marks are not similar.

Moreover, the types of goods utilizing the "Hunger Free America" mark are dissimilar. Plaintiff's consumers would encounter the '297 Registration mark when purchasing a t-shirt, which is what the description of services on the '297 Registration covers, but Defendant's participants would encounter the mark when utilizing hunger-relief programs or engaging in an anti-hunger program sponsored by Defendant. In other words, the goods or services that Plaintiff and Defendant offer are not related or sold to the same class of purchaser, and have dissimilar uses and functions. As explained

in *Sleekcraft*, "[w]hen the goods produced by the alleged infringer compete for sales with those of the trademark owner, infringement usually will be found if the marks are sufficiently similar that confusion can be expected. When the goods are related, but not competitive, several other factors are added to the calculus. If the goods are totally unrelated, there can be no infringement because confusion is unlikely." *Sleekcraft*, at 348. Plaintiff has failed to plead facts showing that the goods produced by Defendant are related or sufficiently similar to those covered by the '297 Registration or otherwise produced by Plaintiff.

In sum, Plaintiff has not alleged facts showing that any of the *Sleekcraft* factors indicate a reasonably prudent customer is likely to be confused by Defendant's use of "Hunger Free America" in its online content, logo, or materials.

**C.    Plaintiff May Amend the Complaint Only If the Defects Can Be Cured**

Although Plaintiff's apparent attempt to state a claim for infringement is wholly insufficient, Plaintiff will be given an opportunity to amend the complaint **if and only if** Plaintiff can plead facts to cure the deficiencies noted above in a clear and concise manner. Plaintiff must allege facts showing how there is a likelihood of confusion with Defendant's use of the "Hunger Free America" mark pursuant to the *Sleekcraft* factors. If Plaintiff's claim is predicated on an unregistered mark broader than that in the '297 Registration, Plaintiff must *also* plead a valid, protectable trademark by showing that he was the first to use the mark in the ordinary course of trade, and that his use of the mark was distinctive. *Reardon LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1204 (9th Cir. 2012). Plaintiff's failure to file an opposition to Defendant's motion to dismiss indicates that the existence of such facts is doubtful, but in light of his pro se status, Plaintiff will be given this final opportunity to sufficiently state a claim for relief.

**V.    CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.    Plaintiff's complaint is dismissed with leave to amend;

9

2.     If, and only if, Plaintiff can allege facts to cure the defects in his complaint, Plaintiff may file an amended complaint within 21 days of the date of this order;

3.     If Plaintiff fails to file an amended complaint, the Court will dismiss the complaint with prejudice for failure to state a claim.

IT IS SO ORDERED.

Dated:   __March 13, 2018__         _____/s/ Lawrence J. O'Neill_____
                                       UNITED STATES CHIEF DISTRICT JUDGE